# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARKETGRAPHICS RESEARCH GROUP, INC. ) ) | |
| Plaintiff, ) ) | Case No. 3:13-cv-00001 |
| ) | Judge Aleta A. Trauger |
| v. ) ) | |
| DONALD BERGE; DAVID BERGE; MARTHA ) BERGE; REALYSIS OF MEMPHIS, LLC; ) REALYSIS OF JACKSON, LLC; and ) REALYSIS, LLC., ) ) | |
| Defendants, ) | |

## MEMORANDUM

Plaintiff MarketGraphics Research Group, Inc. ("MarketGraphics") has filed a Motion for Summary Judgment with respect to defendants Donald and Martha Berge (Docket No. 77), to which no opposition has been filed. For the reasons stated herein, the motion will be granted.

## BACKGROUND

### I. Facts[1]

Briefly, MarketGraphics is a family owned corporation that collects, analyzes, and distributes data related to markets for new homes. MarketGraphics utilizes licensees within particular areas to collect data, to compile copyrighted reports that MarketGraphics issues to customers, and to maintain relationships with customers. Defendant Donald Berge, with

---

[1] The court has outlined the facts of this case in previous opinions and orders in this case, familiarity with which is assumed. Also, in support of the instant motion, MarketGraphics filed a Statement of Undisputed Facts. Because the defendants did not file a response, the court takes those facts to be admitted.

1

assistance from his son David Berge, worked as a licensee for MarketGraphics from 1997 to 2012, subject to the terms of an Associate Agreement with MarketGraphics that included a broad covenant not to compete (hereinafter, "Non-Compete Clause"). The Associate Agreement was supported by consideration and the defendants admit that the Non-Compete Clause contained in that agreement was, and is, enforceable.[2]

While working for MarketGraphics, Donald Berge had access to confidential information related to MarketGraphics' business, he received specialized training in MarketGraphics' proprietary systems, and Memphis-area customers came to associate him with MarketGraphics' business. During that time frame, Donald Berge and his son assisted MarketGraphics in preparing periodic reports to Memphis-area customers (the "Memphis Works"). It is undisputed that MarketGraphics has (1) a valid, enforceable, and registered copyright in the Memphis Works, and (2) a protectable business interest in its Memphis clients.

---

[2] For the sake of completeness, the court notes that Tennessee law enforces restrictive covenants against competition to the extent that "they are reasonable under the particular circumstances." *Cent. Adjustment Bureau v. Ingram*, 678 S.W.2d 28, 33 (Tenn. 1984). In evaluating whether to enforce a restrictive covenant, a court must consider (1) the consideration exchanged, (2) the threatened danger to the enforcing party, (3) the economic hardship imposed upon the bound party, and (4) whether the covenant is inimical to the public interest. *Allright Auto Parks, Inc. v. Berry*, 409 S.W.2d 361, 363 (Tenn. 1966). Here, the undisputed facts establish all four factors: (1) the Associate Agreement was supported by consideration; (2) the threatened danger to MarketGraphics was substantial and, in large part, realized (loss of 75-80% of its Memphis customers to Realysis), (3) the economic hardship upon the defendants, while substantial, does not preclude the defendants from fairly competing outside of the Memphis area (without otherwise violating Donald Berge's contractual obligations to MarketGraphics and/or MarketGraphics' intellectual property) and/or in other segments of the home-building, real-estate, or market-research fields; and (4) enforcing this covenant would serve the public interest in preventing the misappropriation of a business's goodwill and the right to fair competition. *See AmeriGas Propane, Inc. v. Crook*, 844 F. Supp. 379, 385 (M.D. Tenn. 1993).

On September 28, 2012, Donald Berge left MarketGraphics, claiming that he intended to retire. However, instead of retiring, Donald Berge – acting through and/or in concert with his son, his wife, and several LLCs (Realysis of Memphis, LLC; Realysis of Jackson, LLC, and Realysis, LLC) – opened a competing business that provided essentially the same services as MarketGraphics. With respect to the Memphis housing market, the defendants produced reports (the "Realysis Works") that essentially paralleled the information provided by MarketGraphics in the Memphis Works. The defendants' joint efforts were successful: they drew approximately 75% of MarketGraphics' Memphis-area customers away. It is undisputed that Donald Berge's actions violated the Non-Compete Clause, which remained enforceable following his September 2012 termination. The undisputed facts also establish that Martha Berge was the sole member and only officer or manager of Realysis, LLC, one of the LLCs that facilitated and participated in Donald Berge's breach of the Associate Agreement. Realysis, LLC owns the trademark used by Realysis of Memphis, LLC, which is located at Donald Berge's residence and publishes the Realysis Works.

## II. Procedural History

MarketGraphics filed a Complaint against the defendants, asserting claims for breach of contract, breach of covenant not to compete, breach of covenant of good faith and fair dealing, copyright infringement, trademark infringement, "cybersquatting," unfair competition, interference with business relations, violations of the Tennessee Consumer Protection Act ("TCPA"), and conspiracy. (Docket No. 1.) MarketGraphics also filed a Motion for Preliminary Injunction, which, subject to geographic and temporal limitations on the proposed injunction, the court granted following a hearing. (Docket Nos. 36 (injunction) and 51 (hearing transcript).) In

substance, the Preliminary Injunction barred the defendants from competing with MarketGraphics in the area of Memphis, Tennessee until final judgment in the case.

The case had a somewhat circuitous procedural history following the issuance of the Preliminary Injunction, which apparently drove, and continues to drive, certain defendants into bankruptcy. To make a long story short, Donald Berge and Martha Berge filed for bankruptcy and initially obtained stays of this case as it related to them only (Docket Nos. 58-60 and 63), the court issued a Judgment on all outstanding claims against the remaining defendants (David Berge, Realysis of Memphis, LLC, Realysis of Jackson, LLC, and Realysis, LLC) (Docket No. 64),[3] Donald Berge and Martha Berge received bankruptcy discharges in January 2014 (following judgment against the other defendants in this case), and, with respect to Donald and Martha Berge, the court (1) dissolved the stay as to them, (2) dismissed without prejudice all claims for monetary relief against them, and (3) held that the bankruptcy discharges did not preclude entry of the injunctive relief sought by MarketGraphics (Docket Nos. 72 and 75).[4] On April 11, 2014, with leave of court, MarketGraphics accordingly filed the instant Rule 56 motion against defendants Donald Berge and Martha Berge on its remaining claim against them for injunctive relief. (Docket No. 77.) MarketGraphics requests an order that essentially duplicates the relief granted in the Preliminary Injunction (against the Berges, among others) and the

---

[3] Following judgment, David Berge filed for bankruptcy and obtained stay of any further proceedings against him in this case. (Docket Nos. 65 and 68.) It also appears that Realysis of Memphis, LLC filed for Bankruptcy on April 30, 2014, although that defendant has not filed a Suggestion of Bankruptcy or otherwise sought relief from this court. (Docket No. 80.) Finally, the court notes that MarketGraphics voluntarily withdrew Count II of its Complaint. (*See* Docket No. 40 at p.1 n.1.)

[4] Although the court addressed the Motion for Voluntary Dismissal and to Dissolve Stay, it remains listed as "pending" on the docket. As a housekeeping matter, the court will order the Clerk to term that motion.

Judgment against the other defendants: namely, barring Donald Berge and Martha Berge from competing with MarketGraphics in the Memphis area for four years from the date of Donald Berge's September 28, 2012 termination.

## **MOTION FOR SUMMARY JUDGMENT AND RULE 65 STANDARDS**

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2014). At the summary judgment stage, the moving party bears the initial burden of identifying those parts of the record that demonstrate the absence of any genuine issue of material fact. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). However, if the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, the moving party may meet its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* (citing *Celotex*, 477 U.S. at 325). "When the moving party has carried this burden, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).) The non-moving party also may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Id.*

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Moldowan*, 578 F.3d at 374 (quoting *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "In evaluating the evidence, the court must draw all inferences in the light

most favorable to the nonmoving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587). But "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient," *Moldowan*, 578 F.3d at 374 (quoting *Anderson*, 477 U.S. at 252), and the non-movant's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249. An issue of fact is "genuine" only if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587).

Under Fed. R. Civ. P. 65, a plaintiff seeking a permanent injunction must "satisfy a four-factor test." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Int'l Union, AFL-CIO-CLC v. Kelsey Hayes Co.*, --- F. 3d --- , 2014 WL 1585794, at *11 (6th Cir. 2014) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Specifically, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *United Steel*, 2014 WL 1585794, at *11 (quoting *eBay*, 547 U.S. at 391). "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that for a preliminary injunction the plaintiff must show a likelihood of success on the merits rather than actual success." *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 446 (6th Cir. 2010) (internal brackets and quotation omitted).

## ANALYSIS

It is undisputed that Donald Berge, acting in concert with Martha Berge and other defendants, violated the terms of the Non-Compete Clause of the Associate Agreement. It also

undisputed that MarketGraphics had, and has, protectable interests that the non-compete clause of its Associate Agreement with Donald Berge sought to protect. The court has previously found that, subject to a four-year limitation specific to the Memphis area, the Non-Compete Clause is enforceable under Tennessee law.

The Berges' actions caused MarketGraphics to suffer irreparable harm in the form of the loss of goodwill and the opportunity to compete fairly with respect to its Memphis customers. Indeed, prior to the injunction, MarketGraphics lost approximately 75-80% of its Memphis customers. Monetary damages would be insufficient to compensate MarketGraphics from further violations of the non-competition agreement. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (stating that "the likely interference with customer relationship," the "loss of goodwill," and "the loss of fair competition" constitute forms of irreparable injury caused by the breach of a non-compete agreement). Although the injunction will, of course, impact the Berges, it will only prevent them from continuing to violate the enforceable Non-Compete Clause and from unfairly competing with MarketGraphics in the Memphis area for a limited period of time. *See Vantage Tech. LLC v. Cross*, 17 S.W.3d 637, 647 (Tenn. Ct. App. 1999) (finding that hardships favored party seeking to enforce non-compete clause, because infringing party would "merely lose[] that which does not belong to him"). Subject to the other terms of the Associate Agreement and without infringing MarketGraphics' intellectual property rights, the injunction still leaves the Berges other reasonable means of pursuing their occupation(s) in other geographic areas, which tips the balance in favor of MarketGraphics. *See Total Car Franchising Corp. v. L&S Paint Works*, 981 F. Supp. 1079, 1082 (M.D. Tenn. 1997); *Amerigas*, 844 F. Supp. at 391. By contrast, the hardship imposed on MarketGraphics in the absence of an injunction would be substantial:

MarketGraphics could continue to lose customers, to suffer from a loss of goodwill, and to be deprived of the opportunity to compete fairly in the market. *See Vantage*, 17 S.W.3d at 647. Finally, the public interest would be served – not disserved, by the issuance of an injunction, which protects against the misappropriation of MarketGraphics' goodwill and the presence of unfair competition in the market. *See Amerigas*, 844 F. Supp. at 390. Indeed, with respect to reasonable non-compete terms, "[e]nforcement of contractual duties is always in the public interest." *Certified Restoration*, 511 F.3d at 551.

In sum, summary judgment for MarketGraphics is warranted on its equitable claims seeking enforcement of the Non-Compete Clause, and all of the Rule 65 factors favor issuance of the injunction requested by MarketGraphics. However, the form of the proposed injunction requires amendment for two reasons. First, the document is incorrectly styled as a "Proposed *Preliminary* Injunction" (Docket No. 77, Ex. 1 (emphasis added)), although the relief sought is actually a *judgment* that includes permanent injunctive relief. Second, although the document references multiple exhibits that purport to be attached to it, the document in the record does not include those attachments. The court accordingly will order MarketGraphics to file a corrected order of judgment for the court's signature.

## **CONCLUSION**

The Motion for Summary Judgment will be granted, judgment will enter in favor of MarketGraphics on the remaining claims for injunctive relief against David Berge and Martha Berge, and MarketGraphics shall file a corrected proposed Judgment for the court's consideration.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge