# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| MARKETGRAPHICS RESEARCH GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DONALD BERGE; DAVID BERGE; MARTHA BERGE; REALYSIS OF MEMPHIS, LLC; REALYSIS OF JACKSON, LLC, and REALYSIS, LLC, <br><br> Defendant. | Case No. 3:13-cv-00001 <br><br> Judge Trauger <br><br> Magistrate Judge Bryant |

## JUDGMENT

This is before the Court, upon Plaintiff's Motion for Summary Judgment as to Defendants Donald Berge and Martha Berge. It appears to the Court, based on the papers submitted and the record in this case, that this Motion should be GRANTED. Accordingly, it is hereby ORDERED as follows:

1. The Defendant Donald Berge, and all those in privity or acting in concert with him, are, for a period of four years beginning July 1, 2012, permanently enjoined from selling, offering to sell or otherwise soliciting, giving, distributing, or otherwise causing to be given access to or to be conveyed, in any format and by any medium, whether for consideration or gratuitously, any compilation of data, in any form whatsoever, related to the market for new homes in the Memphis Metro Area.

2. The Defendant Donald Berge, and all those in privity or acting in concert with him, are, for a period of four years beginning July 1, 2012, permanently enjoined from collecting data related to the market for new homes in the Memphis Metro Area pursuant to the MarketGraphics System.

3. For purposes of this Injunction, the MarketGraphics System consists of (1) the compilation of statistical information pertaining to the new-home market using the construction-stage, home-style, subdivision, and price-range taxonomies found in Exhibit 1 hereto; and (2) the division of the Metro Memphis Area into the "MG Areas," or areas substantially similar to all or some thereof, and however denominated, found in Exhibit 2 hereto. These exhibits are under seal pursuant to this Court's March 1, 2013, Order in this case, but are the same documents attached to Plaintiff's April 11, 2014, Notice of Filing Exhibits to Proposed Judgment Under Seal.

4. The Defendant Martha Berge is permanently enjoined, for a period of four years beginning July 1, 2012, from engaging, in privity or concert with Donald Berge, in the conduct described in Paragraphs 1 and 2 hereof.

5. For purposes of this Injunction, the Memphis Metro Area consists of Shelby, Fayette, and Tipton Counties, Tennessee; De Soto County, Mississippi; and Crittenden County, Arkansas.

Pursuant to Federal Rule of Civil Procedure 65(d), the Court finds as follows:

I. The Plaintiff and the Defendant Donald Berge entered a valid Associate Agreement on January 15, 1997. The Associate Agreement contains a covenant by which Mr. Berge agrees to refrain from competing with MarketGraphics or using MarketGraphics' procedures, techniques, or materials following the termination of the Agreement.

II. The Defendant Donald Berge, after terminating his relationship with MarketGraphics, operated or worked with and through a competing business that successfully solicited MarketGraphics' customers in the Memphis area and published market reports using MarketGraphics' terminology, taxonomies, and methods. This conduct constituted a violation by Donald Berge of the covenant against competition found in the Associate Agreement.

III. The Defendant Martha Berge is the sole member and only officer or manager of Realysis, LLC, one of the limited liability companies that facilitated and participated in Donald Berge's breach of the Associate Agreement. As such, Martha Berge acted in concert with Donald Berge in his violation of the Associate Agreement. Martha Berge shares an identity of interest with Mr. Berge, has aided and abetted his breach, and has availed herself of Mr. Berge's wrongful conduct to engage in unfair competition.

IV. MarketGraphics seeks a reasonable enforcement of the restrictive covenant. MarketGraphics has a protectable business interest in its Memphis area customers, provided extensive training to Mr. Berge, and made him privy to its operations and methods over the course of a fourteen-year relationship. As a result of Mr. Berge's violation of the restrictive covenant found in the Associate Agreement, MarketGraphics is entitled to a permanent injunction for the period of four years, as requested in the Complaint.

V. Mr. Berge's breach has damaged Plaintiff's good will among its Memphis customers and deprived it of the opportunity to compete fairly. Such injuries are poorly, if at all, compensated by monetary damages. In addition, MarketGraphics has registered, valid, and protected copyrights in elements of its market-research publications, including, without prejudice or limitation as to the protected status of other elements thereof, the MG Areas, home-style taxonomies, and home-construction-stage taxonomies found in Exhibits 1 and 2. These copyrighted elements constitute integral elements of the MarketGraphics System. It is thus likely that MarketGraphics will suffer irreparable harm without an injunction.

VI. The enforcement of a valid and reasonable covenant not to compete does not impose an untoward burden upon the Defendants, since Donald Berge agreed to its limitations. Moreover, the severity of the injury to Plaintiff's position in the Memphis market—the loss of four-fifths of its customers—together with the fledgling character of

Defendants' operation and the inherently wrongful nature of Defendants' undertaking, tip the balance of equities in favor of granting Plaintiff an injunction.

VII. Defendants' activities do not implicate any public interest that militates against entry of the injunction.

The Court finds that there is no just reason for delay of entry of a final order against the Defendants Donald Berge and Martha Berge, against whom all claims for relief have now been concluded, this case having previously been fully concluded as to the Realysis entities, all issues save those of attorney's fees having been resolved against Defendant David Berge, and that issue being presently stayed pending proceedings in the Bankruptcy Court. Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), entry of this order shall constitute a final judgment as to Donald Berge and Martha Berge.

It is so Ordered.

Entered this 23 day of May, 2014.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

SUBMITTED FOR ENTRY:

s/Paul J. Krog
Eugene N. Bulso, Jr. (Tenn. B.P.R. No. 12005)
Paul J. Krog (Tenn. B.P.R. No. 29263)
LEADER, BULSO & NOLAN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4110

*Attorneys for Plaintiff*